UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NATIONAL RIFLE ASSOCIATION OF AMERICA POLITICAL VICTORY FUND<br>11250 Waples Mill Road<br>Fairfax, VA 22030<br><br>and<br><br>THE NATIONAL RIFLE ASSOCIATION OF AMERICA<br>11250 Waples Mill Road<br>Fairfax, VA 22030<br><br>      Plaintiffs,<br><br>v.<br><br>FEDERAL ELECTION COMMISSION<br>1050 First Street Northeast<br>Washington, DC 20463<br><br>      Defendant. | Civil Case No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

NOW COME Plaintiffs, the National Rifle Association of America Political Victory Fund ("NRA-PVF") and the National Rifle Association of America ("NRA") (collectively "Plaintiffs"), stating as follows for their Complaint:

**INTRODUCTION**

1. Plaintiffs bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, challenging the Federal Election Commission's ("FEC" or "Commission")

improper withholding of records responsive to Plaintiffs' FOIA request submitted on November 24, 2022 (the "Request").

2. Specifically, the FEC refused to make available a significant range of documents requested by Plaintiffs, including but not limited to (1) any and all Statements of Reason on record for FEC Matters Under Review 7427, 7497, 7524, and 7553 ("the MURs"); (2) any and all Factual and Legal Analysis on record regarding the MURs; and (3) any and all vote certifications regarding the MURs. (collectively referred to as "the Decisional Documents").

3. The Commission long ago held votes on the administrative complaints in the MURs and lacked the necessary four votes to proceed with an investigation, thereby terminating the administrative complaints. Upon further information and belief, some Commissioners have arbitrarily and capriciously prevented records of the Commission's determinations as to the MURs from being released to the public in furtherance of an effort to force FEC respondents such as Plaintiffs into civil litigation to defend against the administrative complainant's allegations—all under the false notion that the FEC failed to act—despite the fact that the Commission *did* act when it rendered a final determination on the MURs. Indeed, the FEC's FOIA violations appear to be part of a pattern and practice to deny parties requesting records from exercising their rights, including those available under FOIA. 5 U.S.C. §552. *See, e.g.*, *45Committe Inc. v FEC*, Case No. 1:22-cv-00502-ABJ (currently pending in this District).

4. The FEC's treatment of Plaintiffs' Request violated FOIA in several regards, including its failure to adhere to the timelines expressly set forth in FOIA, its improper reliance on FOIA exemptions, and its failure to identify the privilege upon which it refused to provide records, among other violations.

5. As a result, the Court should order the FEC to immediately and fully comply with Plaintiffs' Request, award Plaintiffs their costs and attorneys' fees, and find that that FEC acted arbitrarily and capriciously by withholding the Decisional Documents despite the lack of a legal basis to do so.

## PARTIES, JURISDICTION AND VENUE

6. This Court has both subject matter and personal jurisdiction over the parties and claims pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue lies in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

7. Plaintiff NRA is a nonprofit corporation incorporated in New York. Organized under Section 501(c)(4) of the Internal Revenue Code, its principal place of business is in Virginia. The NRA's principal lobbying arm, which is a not a separate entity but is known as the National Rifle Association of America Institute for Legislative Action (NRA-ILA), submitted the Request at issue in conjunction with Plaintiff NRA-PVF.

8. NRA-PVF is a membership organization political action committee. Organized under Section 527 of the Internal Revenue Code, NRA-PVF is registered and files regular reports with the FEC. NRA-PVF's principal place of business is in Virginia. Plaintiff NRA-PVF submitted the Request at issue in conjunction with Plaintiff NRA.

9. The FEC is an independent agency of the United States Government. The FEC is charged with the administration and enforcement of federal campaign finance law. The FEC is headquartered in Washington, D.C. and its principal office is located at 1050 First Street, NE. The FEC has possession or control of records requested by Plaintiffs that are the subject of this action.

## STATUTORY AND LEGAL FRAMEWORK

10. FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

11. An agency must respond to a party making a FOIA request within twenty (20) working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requestor's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).  And, the agency must notify the party requesting public records of "such determination and the reasons therefor" within this twenty (20) day time frame. 5 U.S.C. § 552(a)(6)(6)(A)(i)(I).

12. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

13. "The burden of proof is on the agency to sustain its action" in response to a FOIA request. 5 U.S.C. § 552(a)(4)(B).

14. As a general matter, a FOIA requestor must exhaust all administrative appeal remedies before seeking judicial redress.  If, however, an agency does not adhere to the above-referenced statutory timelines in responding to a FOIA request, the requester is deemed by statute to have fulfilled the exhaustion requirement. 5 U.S.C. § 552(a)(6)(C)(i).

15. A requestor is required to exhaust administrative appeals when an agency makes and communicates its "determination" whether to comply with a FOIA request. For a government agency to have made a "determination," the agency must, in the relevant time period, provide the scope of the documents it will produce and the exemptions it will claim with respect to any

withheld documents. *Citizens for Ethics and Responsibility in Washington v. Federal Election Commission*, 711 F.3d 180, 182-183 (D.C. Cir. 2013).  "It is not enough that, within the relevant time period, the agency simply decide to later decide." *Id*. at 186. Rather, within the time period under FOIA, "the agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Id*.

16. There are nine (9) exemptions to disclosure under FOIA.  As best as can be discerned from the FEC's communications in this case, the FEC has relied heavily on FOIA Exemption 5, which covers "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). In limited circumstances, FOIA Exemption 5 may apply to documents under deliberative-process privilege, attorney work-product privilege, and attorney-client privilege. *NLRB v. Sears, Roebuck & Co*., 421 U.S. 132, 149 (1975). The deliberative process privilege exemption protects from disclosure documents that are both "pre-decisional" and "deliberative" to ensure that federal agencies are able to engage in frank and open discussions in their decision-making processes. *United States Fish & Wildlife Service v. Sierra Club*, Case No. 19-547 (2021). That said, a document is pre-decisional only if the document was created *before* an agency's final decision; a document is "deliberative" if the document helped the agency formulate its position on a matter.

## STATEMENT OF FACTS

17. The FEC is tasked with the administration and civil enforcement of the Federal Election Campaign Act, 52 U.S.C. §§ 30101-46. To that end, the FEC oversees compliance with

public disclosure requirements regarding funds raised and disbursed to influence federal elections, and with restrictions on receipts and expenditures, among other campaign finance regulations.

18. Plaintiffs are Respondents in several FEC enforcement matters, defined above as "the MURs". Those MURs are the subject of two civil actions in this District: *Giffords v. FEC*, No. 1:19-cv-1192-EGS; and *Giffords v. National Rifle Association of American Political Victory Fund, et. al.*, No. 1:21-cv-02887-EGS (hereinafter, "*Giffords v NRA*").

19. On November 24, 2021, Plaintiffs filed their Request with the FEC to obtain documents material in assisting Plaintiffs' defense in *Giffords v NRA*. Specifically, Plaintiffs asked for several types of documents, including but not limited to communications between Commissioners and outside organizations regarding the MURS, and any and all legal documents associated with the MURs, created or dated between the dates of July 1, 2018 and November 24, 2021. In addition, Plaintiffs requested documentation regarding communications between certain Commissioners and outside organizations regarding litigation pertaining to the MURs during the same time period. For reference, a copy of Plaintiffs' FOIA Request is attached as **Exhibit A**.

20. On the same day, November 24, 2021, the FEC acknowledged receipt of Plaintiffs' Request via email. Plaintiffs' Request was properly submitted as a FOIA request, and the FEC has not indicated otherwise.

21. As noted in the Request, Plaintiffs waived any and all confidentiality rights under 52 U.S.C. § 30109(a)(12) regarding the MURs. This waiver was provided in order to obtain necessary documents from the Commission to assist in Plaintiffs' defense to the Giffords lawsuits. Upon information and belief, all Respondents in the MURs waived their confidentiality rights under FECA such that the FEC cannot rely on FECA's confidentiality provisions as a basis for denying Plaintiffs' Request.

22. On January 3, 2022, the FEC responded to Plaintiffs' Request, stating that an extension was necessary "because [Plaintiffs'] request requires consultation with two or more components of the Commission which have a substantial subject matter interest in the request." *See* **Exhibit B**. The Commission stated that it would provide a response by January 10, 2022.

23. On January 10, 2022, the FEC responded to Plaintiffs' Request. In the FEC's response, the FEC stated it would release materials, including "administrative complaints, amendments to administrative complaints, and attachments to complaints, any communications with the entities and individuals identified in your request that we are able to locate, as well as various correspondence, including requests for extensions of time and designations of counsel." **Exhibit C**. The Commission also provided a redacted vote certification, attached as **Exhibit D**, regarding the Commission's vote to authorize the Commission's Office of General Counsel to defend the Commission in *Giffords v. FEC,* No. 1:19-cv-1192-EGS.

24. The FEC denied portions of Plaintiffs' Request, specifically "General Counsels Reports and the Office of General Counsel memorandum setting forth its recommendation whether to appeal the September 30, 2021 decision of the district court," broadly citing FOIA Exemptions 5 and 7(A). **Exhibit C**.

25. The Commission stated that "portions of the materials" would be redacted under FOIA Exemption 3(A) because of the Commission's confidentiality provisions. **Exhibit C**. The Commission did not identify which documents would be redacted under FOIA Exemption 3(A). This Exemption was listed despite, upon information and belief, all respondents subject to the MURs waived confidentiality under FECA.

26. The Commission did not provide a determination regarding a multitude of other documents requested by Plaintiffs, including the Decisional Documents. By failing to make such

7

a determination, the FEC violated 5 U.S.C. § 552 (a)(6)(A)(i)(I), which requires the FEC to set forth its "determination and the reasons therefor" regarding each requested item or document within twenty (20) days of a FOIA request (or thirty (30) days in unusual circumstances).

27. Given the Commission's lack of a determination regarding the Request, Plaintiffs sent a letter to the FEC on January 21, 2022, requesting additional information regarding the FEC's treatment of Plaintiffs' Request. In the letter, Plaintiffs emphasized the FEC's lack of information and/or determination provided to the Plaintiffs regarding the Decisional Documents, which caused confusion and seemed to indicate that the Commission had not made a final determination regarding those documents. For the sake of clarification, Plaintiffs requested that the FEC provide Plaintiffs with "a written detailed submission of all documents that have been and/or will be redacted and/or withheld under FOIA Exemption 3(A) and 5, and include the basis for which each document is redacted and/or withheld." Plaintiffs requested that the information be provided by January 26, 2022. A copy of this letter is attached as **Exhibit E**.

28. On January 27, 2022, Plaintiffs discussed the status of their FOIA request via teleconference with FEC Counsel. During that phone call, the Parties agreed to not classify Plaintiffs' request for additional information as an administrative appeal under 11 C.F.R. § 4.8.

29. FEC Counsel also acknowledged that the Commission had not made a determination on Plaintiffs' Request within the statutorily required timeframe, and further informed Plaintiffs that the FEC would not make a determination on the Decisional Documents until an appeal in a separate FOIA matter was decided by the Commission, as the issues raised in that separate FOIA appeal were substantially similar to the issues raised in Plaintiffs' Request regarding the Decisional Documents.

30. Plaintiffs followed up with the FEC on February 2 to confirm that Plaintiffs' January 21 request for clarification was not an appeal under FOIA because Plaintiffs could not "properly appeal anything given the limited information [Plaintiffs] had at the time [Plaintiffs] wrote the letter," and to inquire about the status of the determination on the separate FOIA appeal pending before the Commission. The FEC responded, stating that the appeal was expected to be in front of the Commission in "mid-February." A copy of the email correspondence is attached as **Exhibit F**.

31. On February 17, 2022, Plaintiffs emailed the FEC, inquiring as to the status of the separate FOIA appeal, as well as that of the Commission's production of the documents responsive to Plaintiffs' Request. A copy of the email is attached as **Exhibit G**.

32. On February 18, 2022, Plaintiffs again discussed the status of their Request via telephone with FEC Counsel, who explained that the Commission had delayed making a decision on the separate FOIA appeal until March 8, 2022. Counsel also communicated that some documents responsive to Plaintiffs' Request would be provided by February 25, 2022.

33. On February 23, 2022, Plaintiffs again emailed the FEC, stating that the Commission's determination regarding Plaintiffs' specific requests remained unclear (**Exhibit H**). Plaintiffs requested that the Commission indicate, in writing, whether the FEC had made a legal determination regarding Plaintiffs' request for the Decisional Documents. Plaintiffs further requested that the Commission provide specificity as to whether any portion of their request for the Decisional Documents was denied, and what FOIA exemption was being relied upon by the FEC to deny production of the Decisional Documents. Plaintiffs also requested that if a determination had not been made, the FEC provide the reasons why a determination had not been rendered. Plaintiffs asked the Commission to provide a response by Friday, February 25.

34. On Friday, February 25, 2022, over three months after Plaintiffs' submitted their Request, they finally received a "determination" from the Commission regarding the Decisional Documents. The Commission indicated that it had denied Plaintiffs' request for the Decisional Documents under FOIA Exemption 5. The Commission further stated, "[p]lease keep in mind, however, that those documents may be subject to discretionary release pending the Commission's further consideration of [a separate but similar FOIA appeal]. Please also be aware that any appeal you may lodge right now regarding statements of reasons and certifications is not likely [to] be considered before the Commission considers that other appeal." *See* **Exhibit H**. The Commission's response did not articulate any basis for applying FOIA Exemption 5 to Plaintiffs' request for the Decisional Documents.

35. On March 1, 2022, Plaintiffs filed an Appeal as to the FEC's determination regarding the Decisional Documents. **Exhibit I**. The FEC confirmed that it received the FOIA Appeal on March 2, 2022.

36. On March 30, 2022, the FEC informed Plaintiffs that the FEC "was unable to render an opinion on whether to approve or deny" Plaintiffs' FOIA Appeal. The FEC did not provide any rationale as to the outcome of Plaintiffs' Appeal, or why the FEC failed to make a determination on Plaintiffs' Appeal within twenty (20) days as required by law. **Exhibit J**.

37. While the Commission has provided Plaintiffs with 273 pages of responsive documents, *see* **Exhibits D, K, and M**, it has withheld over 30,000 pages of documents, allegedly under FOIA Exemption 5. Plaintiffs, however, have no information regarding what specific documents were withheld, except that they fall within a general category of documents requested by Plaintiffs. **Exhibit L**. The Commission has also made no effort, or provided no basis, to identify whether any parts of these documents might be subject to production, such that redacted

10

versions might be produced. Additionally, the Commission still has not provided a list of documents that would be redacted under FOIA Exemption 3(A), nor has the Commission provided specific documentation that was granted in the Commission's original response.

38. The Decisional Documents are critical to assisting Plaintiffs in ongoing litigation. These documents, such as the Commission's statement of reasons in the MURs, the existence of which the Commission admitted in separate litigation, would provide necessary and vital information to assist the Court in considering issues raised in *Giffords v NRA*. The Commission's refusal to provide such documents, as well as the Commission's refusal to specify why FOIA Exemption 5 applies to the Decisional Documents, is not only a direct violation of the Commission's FOIA obligations and Plaintiffs' legal rights, but also directly harms Plaintiffs' ability to defend themselves in other pending litigation.

39. Because of the Commission's failure to make a determination on Plaintiffs' FOIA Appeal within twenty days, Plaintiffs have fully exhausted their administrative remedies regarding the FOIA Request at issue in this matter, and is now entitled to judicial action enjoining the Commission from continuing to improperly withhold records and ordering the production of records improperly withheld.

## COUNT I
## Violation of FOIA 5 U.S.C. § 552
### (Wrongful Failure to Produce Records Pursuant to, and Violation of the Provisions of FOIA)

40. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

41. FOIA authorizes a court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

42. Plaintiffs properly requested records that are within the FEC's custody and control.

43. The FEC is an agency subject to FOIA, and therefore must release in response to a FOIA request any non-exempt records and provide a valid and lawful reason for withholding any materials.

44. The FEC is improperly attempting to use FOIA exemption 5 to shield from disclosure its votes on administrative complaints, including matters involving Plaintiffs.

45. The FEC, in refusing and/or failing to produce the requested records, especially when there is no legal basis for doing so, violates Plaintiffs' legal rights, and the FEC's actions as described herein are a violation of the FOIA statute and Plaintiffs' rights under the FOIA statute.

46. The FEC's failure to act in a timely manner on Plaintiffs' FOIA Request, specifically with regards to the Decisional Documents, violates FEC FOIA procedures. 11 C.F.R. § 4.7.

47. The FEC's failure to produce opinions rendered in enforcement proceedings is directly contrary to 11 C.F.R. § 4.4(a)(3) and 4.5.

48. The FEC, in refusing to make a determination regarding Plaintiffs' Appeal within twenty days, violated Plaintiffs' appeal rights under FOIA. 11 C.F.R. § 4.8(f).

49. The FEC acted in an arbitrary and capricious manner with respect to the records being withheld because the Commission has not provided any legal basis for withholding the

records or delaying production (and because there is no legal basis for the Commission doing so). *See* 5 U.S.C. § 552(a)(4)(F)(i).

50. Plaintiffs have exhausted their administrative appeal rights, and therefore may bring suit in this Court.

51. Accordingly, Plaintiffs are entitled to injunctive and declaratory relief with respect to the disclosure and release of the records pursuant to Plaintiffs' FOIA Request, and are entitled to relief requiring the FEC to promptly produce all non-exempt records and to provide a meaningful index justifying the withholding of any responsive records in a manner that allows the Court to review the same in-camera.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs the National Rifle Association of America Political Victory Fund and the National Rifle Association of America respectfully request the following relief:

1. A declaration that Defendant FEC violated the Freedom of Information Act by failing to timely and lawfully satisfy Plaintiffs' FOIA Request;

2. An Order compelling the FEC to immediately process and release all records responsive to Plaintiffs' FOIA Request at no cost to Plaintiffs, including but not limited to Decisional Documents, and to immediately provide an index of all withheld documents along with sufficient information such that Plaintiffs and the Court may ascertain the basis for the Commission's withholding of the Decisional Documents, and the propriety and legality of same;

3. A preliminary and permanent injunction enjoining Defendant FEC from withholding records responsive to Plaintiffs' Request;

4.      A declaration that the FEC acted arbitrarily and capriciously by withholding the requested records because the FEC lacked a legitimate and legal basis to do so under FOIA or otherwise;

5.      A ruling that this Court retain jurisdiction of this action to ensure that the FEC properly and lawfully responds to the Request thus ensuring that no records are wrongfully withheld;

6.      An award to Plaintiffs of costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) and/or as otherwise provided by law in light of the FEC's lack of good faith in refusing to comply with the statutory requirements and thereby requiring Plaintiffs to expend resources in this matter, and

7.      A grant of any and all other or additional relief that the Court may deem just and proper.


Dated:  April 12, 2022                                  Respectfully submitted,


/s/ Charles R. Spies
CHARLES R. SPIES
D.C. Bar No. 989020
Dickinson Wright PLLC
1825 Eye Street NW, Ste 900
Washington, DC 20006
Tel: (202) 466-5964
E-mail: cspies@dickinson-wright.com

KATHERINE N. REYNOLDS
D.C. Bar No. 1658979
*Application for admission forthcoming*
Dickinson Wright PLLC
1825 Eye Street NW, Ste 900
Washington, DC 20006

Tel: (202) 659-6944
E-mail: kreynolds@dickinsonwright.com

*Attorneys for Plaintiffs*

15