UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE NATIONAL RIFLE ASSOCIATION OF AMERICA POLITICAL VICTORY FUND and THE NATIONAL RIFLE ASSOCIATION OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL ELECTION COMMISSION,<br><br>Defendant. | Case No. 1:22-cv-01017 |

**STIPULATION OF SETTLEMENT AND DISMISSAL**

Plaintiffs, the National Rifle Association of America Political Victory Fund and the National Rifle Association of America (collectively, "Plaintiffs"), and Defendant Federal Election Commission ("Defendant"), by and through their respective attorneys, hereby stipulate and agree as follows in this lawsuit under the Freedom of Information Act ("FOIA").

1. Defendant shall pay Plaintiffs the total amount of **$25,000.00** (the "Settlement Amount"), pursuant to 5 U.S.C. § 552(a)(4)(E). Plaintiffs agree to accept the Settlement Amount as full and complete satisfaction of Plaintiffs' claims in the above-captioned matter, including any claim for attorneys' fees, costs, and litigation expenses, and that the Settlement Amount is inclusive of any interest.

2. Defendant shall pay the Settlement Amount to Plaintiffs as soon as reasonably practicable, consistent with its normal processing procedures, by an electronic transfer of funds as specified in instructions provided to counsel for the Defendant by Plaintiffs' counsel in writing.

Plaintiffs and Plaintiffs' counsel shall be responsible for any distribution of the Settlement Amount among themselves. Payment of the Settlement Amount shall constitute full and final settlement of all claims by Plaintiffs in the above captioned matter, including any claim for fees, costs, and expenses incurred by Plaintiffs in this action and Defendant shall have no liability for any further amounts related to this litigation.

3.  Upon the execution of this agreement, Plaintiffs hereby release and forever discharge the Defendant and its officers, employees, and agents from any and all claims and causes of action that Plaintiffs assert or could have asserted in this litigation, or which hereinafter could be asserted by reason of, or with respect to, or in connection with, or which arise out of the specific FOIA requests on which this action is based, including, but not limited to, any claim for attorneys' fees, costs, or litigation expenses in connection with the above-captioned litigation.

4.  This agreement is not, is in no way intended to be, and should not be construed as evidence or as an admission of liability or fault on the part of the Defendant, its agents, servants, employees, or officers regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim raised in this action, or as evidence or as an admission by the Defendant regarding Plaintiffs' entitlement to attorneys' fees and other litigation costs under the FOIA. This agreement is entered into by the Parties for the purpose of compromising disputed claims and avoiding the expense and risks of further litigation and shall not be used in any manner to establish liability for fees, amounts, or hourly rates in any other case or proceeding involving the Defendant. The agreement is understood not to preclude or prevent Plaintiffs from seeking, through Freedom of Information Act or other means, records not sought in the records requests that gave rise to this Civil Action.

5. Plaintiffs represent and warrant that they are the sole and lawful owner of all rights, title, and interests in and to every claim and other matter that they purport to release herein, and that they have not heretofore assigned or transferred, or purported or attempted to assign or transfer to any person or entity any claims or other matters herein released.

6. Compliance with all applicable federal, state, and local tax requirements shall be the sole responsibility of the Plaintiffs. This agreement is executed without reliance upon any representation by Defendant as to tax consequences, and Plaintiffs are responsible for the payment of any taxes that may be associated with the settlement payment.

7. This agreement contains the entire agreement between the Parties hereto, and Plaintiffs acknowledge and agree that no promise or representation not contained in this agreement has been made to them and acknowledge and represent that this agreement contains the entire understanding between the Parties, and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. No statement, remark, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced, nor does this agreement reflect any agreed upon purpose other than the desire of the Parties to reach a full and final conclusion of the litigation and to resolve that suit without the time and expense of further litigation.

8. The Parties agree that this agreement will not be used as evidence or otherwise in any pending or future civil or administrative action against the United States, the Defendant, or any agency or instrumentality of the United States, except an action to enforce the terms of this Stipulation of Settlement. The Defendant expressly reserves the right to contest any hourly attorneys' fee rate sought in any other case, and nothing contained herein is intended as an admission that any such rate is reasonable under the FOIA or any other fee-shifting statute.

9. Each Party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this agreement.

10. This agreement may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile, electronic, or other duplicate of a signature shall have the same effect as a manually executed original.

11. Upon execution of this agreement by all Parties hereto, this agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, personal representatives, administrators, successors, and assigns. Each signatory to this agreement represents and warrants that he or she is fully authorized to enter into this agreement on behalf of his or her client(s).

12. Execution of this agreement by counsel for Plaintiffs and by counsel for the Defendant shall constitute a dismissal with prejudice of all claims asserted against Defendant in this action, as well as the dismissal of this action with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). The Parties agree that this Stipulation of Dismissal and Settlement will be filed on the Court docket by Defendant promptly after the Stipulation has been fully executed by the Parties.

IN WITNESS WHEREOF, the parties hereto, by and through their authorized counsel, intend to be legally bound and have executed this stipulation effective August 8, 2023.

| | |
|---|---|
| /s/ Charles R. Spies<br>Charles R. Spies<br>DC Bar No. 989020<br>Rock A. Wood*<br>Robert L. Avers<br>Dickinson Wright PLLC<br>1825 Eye Street, NW, Ste 900 | Lisa J. Stevenson (D.C. Bar No. 457628)<br>Acting General Counsel<br>lstevenson@fec.gov<br><br>Kevin Deeley |

| | |
|---|---|
| Washington, DC 20006<br>cspies@dickinsonwright.com<br>rwood@dickinsonwright.com<br>(202) 466-5964<br><br>*Attorneys for Plaintiffs*<br><br>*\*Admitted Pro Hac Vice* | Associate General Counsel<br>kdeeley@fec.gov<br><br>Harry J. Summers Assistant General Counsel<br>kdeeley@fec.gov<br><br>  /s/ Greg J. Mueller<br>Greg J. Mueller (D.C. Bar. No. 462840)<br>Attorney<br>gmueller@fec.gov<br><br>COUNSEL FOR DEFENDANT<br>FEDERAL ELECTION COMMISSION<br>1050 First Street, NE<br>Washington, DC 20463<br>(202) 694-1650 |